**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Rebecca L. Perkins-Post, and Ronald J. Post, husband and wife,<br><br>    Plaintiffs,<br><br>    vs.<br><br>Primesouth, Inc., a South Carolina Corporation; SCANA Corporation, a South Carolina Corporation,<br><br>    Defendants. | No. CIV 04-1936 PHX RCB<br><br>O R D E R |

Pending before the Court are Defendants' Motion for Sanctions (doc. # 29) pursuant to Federal Rule of Civil Procedure 37(d) in connection with Plaintiff Rebecca Perkins-Post's failure to appear at her continuing deposition, and Defendants' request for leave to depose Ronald Post, which was raised for the first time in Defendants' reply (doc. # 32) in support of the same motion. Defendants raised this issue in their reply brief, based on new information in Plaintiff's response (doc. # 31) that Mr. Post,

whose claims were recently dismissed, apparently shredded certain Primesouth documents that were to be the subject of inquiry at Mrs. Post's continuing deposition. Reply (doc. # 32) at 9-10; see also Joint Mot. for Am. Scheduling Order (doc. # 27) at 2:4-7. After a telephonic hearing held on November 17, 2005, the Court allowed Plaintiff to file a sur-reply addressing Defendant's request to depose Mr. Post.[1] Minute Entry (doc. # 33); Order (doc. # 35). The matter has now been fully briefed (doc. ## 29, 31-32, 34). Having carefully considered the arguments raised, the Court now rules with respect to Defendants' request to depose Mr. Post.[2]

**I.   DEFENDANTS' REQUEST FOR LEAVE TO DEPOSE RONALD J. POST**

On June 28, 2005, the Court issued an amended scheduling order in this case (doc. # 20) pursuant to which the discovery deadline for depositions was extended through August 22, 2005, and all dispositive motions were required to be filed by October 3, 2005. Thereafter, Defendants noticed the depositions of Plaintiffs Rebecca Perkins-Post and Ronald Post to be held on August 3. Notice of Dep. of Rebecca L. Perkins-Post (doc. # 21); Notice of

---

[1] See Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that where a party introduces new evidence in its reply brief, the district court should not consider the new evidence without giving the non-movant an opportunity to respond); cf. Corson & Gruman Co. v. NLRB, 899 F.2d 47, 50 (D.C. Cir. 1990) (requiring moving party to raise all arguments in its opening brief to prevent "sandbagging" of opposing party).

[2] The Court has already ruled on those portions of Defendants' motion seeking to compel Plaintiff's appearance at a future date to continue her deposition, and to extend certain deadlines set by the scheduling order. Minute Entry (doc. # 33); Order (doc. # 35). The portion of Defendants' motion seeking reasonable expenses in connection with Plaintiff's failure to appear at her continuing deposition remains under advisement, and the Court will issue a separate order addressing that issue at a later time.

Dep. of Ronald J. Post (doc. # 22).  Upon learning that Plaintiffs' counsel had been unable to confirm Plaintiffs' ability to appear on the scheduled date, Defendants' counsel agreed to postpone the depositions.  Mot. (doc. # 29) at 3.

Mr. Post subsequently decided to dismiss his claims, because he apparently perceived the travel costs required to pursue the matter as being too great relative to the small portion of the case represented by his claim.  See Sur-reply (doc. # 34) at 2.  The parties' stipulation to dismiss all of his claims with prejudice (doc. # 24) was granted by the Court on August 24 (doc. # 25), leaving only the claims of Mrs. Post.

Ultimately, Mrs. Post's deposition was rescheduled to begin on August 20.  Mot. (doc. # 29) at 2; Response (doc. # 31) at 1-2.  At the conclusion of the August 20 session, the parties reached a mutual understanding that more time would be required to complete her deposition.  Mot. (doc. # 29), Ex. E at 256:15-258:2. Thereafter, with leave of the Court and appropriate extension of deadlines under the scheduling order, Defendants noticed the continuing deposition of Mrs. Post to reconvene at the Phoenix offices of Defendants' counsel on September 21 and 22 at 9:00 a.m. (doc. ## 26-28).  Once again, Plaintiff did not appear at the scheduled time for her deposition.  Mot. (doc. # 29), Ex. F at 1-7. Following the parties' unsuccessful out-of-court efforts to confer and resolve the issues raised by Plaintiff's nonappearance, Defendants filed the present motion for sanctions (doc. # 29) on October 11.  See id. at 6-7, Ex. G, and Ex. H.

Plaintiff's counsel originally explained that Mrs. Post had been unable to make travel arrangements to appear on September 21

1  and 22.  Mot. (doc. # 29) at 3-4.  However, Plaintiff has since
2  stated that she merely "does not wish to travel again."  See
3  Response (doc. # 31) at 4.  She claims that in the intervening time
4  since her deposition was recessed on August 20, her husband who was
5  formerly a party to this action destroyed the Primesouth documents
6  that were to be the subject of inquiry at her continued deposition,
7  apparently believing his act obviates the need for further
8  questioning.  Id.

9      In light of these disturbing developments, it is easily
10 conceived why Defendants would seek to depose Mr. Post.  However,
11 Plaintiff now argues that "the relevance and materiality of when,
12 whether and why Mr. Post shredded the documents is marginal at
13 best."  Sur-reply (doc. # 34) at 2.  In addition, she claims that
14 she was previously instructed by her supervisor to take the
15 documents home and shred them, believing, perhaps, that this
16 earlier instruction would excuse the destruction of documents
17 during the pendency of this case.  See id.  Finally, it seems that
18 in the fallout of what may have been a less than amicable
19 separation, Mrs. Post states that she no longer knows the
20 whereabouts of Mr. Post.  See id.

21     The Court does not agree with Plaintiff's assertion that, in
22 the discovery phase of litigation, the relevance and materiality of
23 Mr. Post's destruction of documents is only "marginal at best."
24 The fact that Plaintiff had at one time assented to two days of
25 additional questioning concerning those documents belies her claim.
26 In view of these recent revelations, and for good cause shown
27 pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the
28 Court grants Defendants' request for leave to depose Ronald Post.

1  Therefore,
2        IT IS ORDERED that Defendants' request for leave to depose
3  Ronald Post is GRANTED.  Defendants shall notice the deposition of
4  Ronald Post as a non-party witness in the district of his
5  residence, wherever that may be, to occur at any reasonable time
6  established by Defendants, but in any event to occur no later than
7  January 12, 2006.
8        IT IS FURTHER ORDERED modifying the Court's November 28, 2005
9  order (doc. # 35) so that Defendants' motion to compel Plaintiff's
10 appearance is GRANTED.  Plaintiff is ordered to appear for up to an
11 additional twelve (12) hours of deposition at any reasonable time
12 established by Defendants, <u>but no later than January 12, 2006</u>.  If
13 Plaintiff does not appear for her deposition, her case will be
14 dismissed with prejudice.
15       IT IS FURTHER ORDERED that the Court's September 30, 2005
16 scheduling order (doc. # 28) is amended so that the deadlines for
17 completion of the depositions of Ronald Post and Plaintiff Rebecca
18 Perkins-Post are extended to January 12, 2006.
19            DATED this 7th day of December, 2005.

_____
Robert C. Broomfield
Senior United States District Judge

25 Copies to counsel of record

- 5 -